ERNEST ANDERSON, Appellant, v. WAPELLO COAL COMPANY, Appellee.

**Mines and mining:** NEGLIGENCE: PROXIMATE CAUSE: EVIDENCE. The term proximate cause excludes the idea of legal liability based upon merely speculative suggestions as to what might have happened had some circumstance remotely or incidentally connected with the course of events leading up to the injury have been otherwise than it in fact was. In this action plaintiff was a mule driver in a coal mine and the mule ran away, throwing him against the side of the mine. Plaintiff claimed that the passage way of the mine was clogged with slate and other material so that he was unable to leave the car when the mule became unmanagable and thereby avoid the jury. *Held*, that defendant's alleged negligence was not shown to be the proximate cause of the injury.

*Appeal from Monroe District Court.*—HON. C. W. VERMILION, Judge.

WEDNESDAY, JUNE 9, 1911.

ACTION at law to recover damages for personal injury. There was a directed verdict and judgment for defendant, and plaintiff appeals. *Affirmed*.

*John T. Clarkson* and *John R. Price,* for appellant.

*Mabry & Hickenlooper,* for appellee.

WEAVER, J.—The plaintiff was employed by the defendant as a mule driver in the entries of its coal mine. While hauling a loaded car from the face of the coal in the direction of the hoisting shaft the mule ran away, and, on reaching a point where the track turned at or near a right angle into another entry, the car left the track striking the rib or wall of the passage and crushing and severely injuring plaintiff. The petition charges the defendant with negligence causing such injury: First, in furnishing the plaintiff with a mule known to the defendant to be vicious and addicted to the habit of running away; and, second, in allowing the sides of the passage through which the track was laid to become so filled and incumbered with piles of slate and other material that plaintiff was unable to leave the car when the mule became unmanageable, and thereby avoid injury; for such reason said passage was not a reasonably safe place to work.

In argument in this court the plaintiff abandons the first specification of negligence as not being sustained by the evidence and relies solely upon the second ground above stated. The trial court appears to have directed a verdict on the theory that if the negligence charged has any support in the evidence it does not appear to have been the proximate cause of the injury complained of. We are constrained to hold the ruling correct. While it appears that the entry through which plaintiff drove his mule was more or less obstructed on either side of the track with accumulations of rubbish, the connection between such condition and plaintiff's injury as a matter of cause and effect does not appear from the evidence. The passage down which the mule ran was some three hundred feet in length and eight feet in width. The car trucks were three feet wide

and were overhung by the somewhat wider car body, leaving a clear space of only about two feet on either side to the rib of the entry. Plaintiff was "riding the trip" in the usual manner, standing with his left foot on the bumper and left hand on the load, while his right foot was on the "tail chain" and his right hand rested on the mule's rump. In this position and bending low to avoid contact with the roof of the entry and without means to check or guide the animal's pace, it is obvious that he could do little if anything more than to avoid being thrown under the car wheels. It is open to very great doubt whether had the entry been entirely free from obstructions plaintiff could have jumped or thrown himself into the narrow space between the swiftly moving car and the wall without serious injury. It further appears from the evidence that when the unmanageable mule reached the main entry where the track made a turn to the east he turned to the west, and the car instead of following the curve to the east, left the track and crashed into the south rib or wall. Had the mule turned eastward as ordinarily it would, following the turn in the track, there is nothing to indicate that the car would have been derailed, and plaintiff would most likely have escaped injury.

The question of proximate cause in personal injury cases is often a most troublesome one, and as a rule is for the determination of the jury. But neither court nor jury can properly indulge in conclusions which are at best matters of mere conjecture or mere speculation concerning possibilities. No accident or injury ever occurs which is not in more or less degree influenced by many remote causes. Beginning with any human event the curious inquirer may follow back the course of its evolution and discover a multitude of remote circumstances, of any one of which it may truthfully be said "Had *this* been otherwise, *that* could not have occurred." In the practical administration of justice, such exploration into the field

of remote causes is not only impracticable, but would often defeat the very purpose of the law which makes the negligent man answerable for all damages directly resulting to another from his failure of duty. The rule as developed in a long series of adjudications is to limit such liability to damages of which the negligence is found to be the "proximate cause." This term is not subject to very exact definition but it is sufficient for the present purpose to say that it excludes the idea of legal liability based upon merely speculative suggestions as to what might have happened had some circumstance remotely or incidentally connected with the course of events leading up to the injury have been otherwise than it was in fact. Such inquiries are too vague and uncertain and the correctness of such conclusions is too dependent on uncertain contingencies to make them the foundation of a legal right.

Taking for illustration the case before us, who can say that even with the entry free from all rubbish, the plaintiff clinging to his uncertain perch between the car and the mule, and stooping low to avoid collision with the roof, enveloped in intense darkness, unrelieved save by the faint illumination afforded by his miner's lamp, and with the frightened or vicious animal plunging down grade, he could have jumped and freed himself from the car which otherwise would have run over him? Or if he had jumped free from the car, was there not at least the equal chance that he would have been hurled against the rib or wall of the entry to his death or serious injury? He did in fact ride the full length of this entry in safety, and it was only when at the turn into the main entry the mule swerved in the wrong direction that he was thrown with the car against the wall. But for this incident it is quite evident the accident would not have occurred. Here would seem to be the proximate cause of the derailment, and in this connection no negligence of the defendant is

charged. Not that approximate cause is in a. legal sense always the last or nearest cause, for negligence may set forces in motion which though more remote in time and sequence, may yet so combine with other forces of later origin as to produce injury for which the negligent person will be liable; but such connection must be shown to be something more than conjectural, or theoretically possible. See *Volquardsen v. Telephone Co.,* 148 Iowa, 77.

To use the language of the cited case, too many "links in the chain of circumstances are involved in doubt and speculation" to sustain a verdict for plaintiff upon the single charge of negligence submitted by him, and there was, therefore, no error in directing a verdict for the defendant. Had plaintiff been thrown from the car in the obstructed entry and injured upon the rubbish piled therein, or had he in the exercise of reasonable prudence jumped from the car and received injury by reason of such obstructions, a very different question would be presented, and the law applicable to such a case we have no occasion now to consider.

For the reasons stated, we find no ground upon which to disturb the judgment appealed from, and it must be *affirmed.*